James F. McCabe (*Pro Hac Vice*)
James R. McGuire (*Pro Hac Vice*)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105
Telephone:  415.268.7000
Facsimile:  415.268.7522

Jeffrey T. Cox (*Pro Hac Vice*)
Ronald I. Raether, Jr. (*Pro Hac Vice*)
FARUKI IRELAND & COX P.L.L.
500 Courthouse Plaza S.W.
10 North Ludlow Street
Dayton, Ohio  45402
Telephone:  937.227.3704
Facsimile:  937.227.3717

Mark A. Aronchick (*Pro Hac Vice*)
Sharon F. McKee (N.J. Bar No. 004391998)
HANGLEY ARONCHICK SEGAL & PUDLIN, P.C.
20 Brace Road, Suite 201
Cherry Hill, New Jersey  08034
Telephone:  856.616.2100
Facsimile:  856.616.2170

Attorneys for Defendants
LexisNexis Risk & Information Analytics
Group Inc. and Seisint, Inc.

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| TONI F. ADAMS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>LEXISNEXIS RISK AND INFORMATION ANALYTICS GROUP INC., *et al*.,<br><br>Defendants. | Case No. 1:08-04708 (RMB/KMW)<br><br><br><br>**STIPULATED CONFIDENTIALITY ORDER** |

Plaintiff Toni Adams ("Plaintiff") and Defendants LexisNexis Risk & Information Analytics Group Inc. and Seisint, Inc. ("Defendants"), through counsel, hereby enter into and submit for the Court's approval and entry this Stipulated Confidentiality Order ("Order") for the

sf-2795258

protection of confidential documents and information during the course of this litigation.  Those confidential documents are expected to include material relating to trade secrets, confidential research, development, technology or other proprietary information belonging to Defendants and personal and confidential information belonging to Plaintiff and non-parties.

In light of these facts, the parties request that an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1.      "Confidential Information"  means any type or classification of information that is designated as confidential by the party or nonparty witness supplying the information (together, "the supplying party"), whether it be a document, information contained in a document, information provided during a deposition or in any interrogatory answer, or otherwise disclosed during discovery.  Confidential Information also shall mean all documents that reveal or disclose information contained in documents designated as confidential, including without limitation, deposition transcripts, interrogatory answers and responses to requests for admissions so designated in accordance with paragraphs 5, 6 and 7 of this Order, extracts or summaries of confidential documents, or other papers prepared in connection with this action.  In designating information as confidential, the supplying party will make such designation only as to that information that the supplying party in good faith believes constitutes or contains:  (a) a trade secret or other confidential research, development, technology or other proprietary information; (b) non-public information of a personal or private nature; or (c) information that the producing party otherwise believes is entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3.

2.      All materials and information designated as Confidential Information shall be used only for the sole and limited purpose of preparation for and trial of this action and shall not be used, directly or indirectly, by any person for any business, commercial, competitive or other purpose.

3.      Except as otherwise provided in this or subsequent orders of this Court, Confidential Information designated under this Order shall not be disclosed or shown to anyone other than:

(a)      The parties and the employees of such parties (or the parent or beneficial owner of such party) to whom it is necessary that Confidential Information be shown for purposes of this action;

(b)      Outside counsel for the parties and the employees of such attorneys to whom it is necessary that Confidential Information be shown for purposes of this action;

(c)      Inside counsel for each party and the employees of such attorneys to whom it is necessary that Confidential Information be shown for purposes of this action;

(d)      Persons retained by any party or its attorneys solely for the purpose of assisting in the preparation of this action for trial, including but not limited to experts, staff and support personnel to whom it is necessary that Confidential Information be shown for purposes of assisting in such preparation;

(e)      The Court or persons employed by the Court;

(f)      Persons who were authors or recipients of the documents in the ordinary course of business; and

(g)      Persons who, in addition to those identified above, are permitted access by order of the Court or upon stipulation of the supplying party after written notice to all parties and an opportunity to object is given.

4.      In addition to labeling documents or other material "CONFIDENTIAL," the designating party may provide a further level of confidentiality by additionally labeling documents or material "CONFIDENTIAL-ATTORNEY'S EYES ONLY."  As used herein, the term "CONFIDENTIAL-ATTORNEY'S EYES ONLY" includes documents and information

that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party.  Notwithstanding other provisions of this Order, information so labeled as "CONFIDENTIAL-ATTORNEY'S EYES ONLY" may not be disclosed to any person other than counsel of record in this case, unless prior written permission of the designating party or an order by the Court is obtained.

5.      Documents shall be designated confidential by marking or stamping the front page of any such document "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY."  In lieu of marking the originals of documents, any party may mark the copies of such documents that are produced or exchanged.

6.      If a party seeks to designate any interrogatory answers or response to a request for admission "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY," the party shall indicate clearly that the answer or response constitutes Confidential Information. Schedules, appendices and attachments to, or documents otherwise provided with, interrogatory answers designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" may also be designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" using the procedure in paragraph 5 applicable to documents.

7.      With respect to deposition testimony that constitutes or references Confidential Information, confidential portions of the transcript or videotape may be designated as "CONFIDENTIAL" OR "CONFIDENTIAL-ATTORNEY'S EYES ONLY" on the record at the time the testimony is given or within thirty (30) days after receipt of the final transcript or videotape by the person making the designation by serving upon all counsel of record via facsimile or other electronic transmission a notice setting forth the page, line numbers and designation.  All transcripts shall be treated as "CONFIDENTIAL-ATTORNEY'S EYES ONLY" until the expiration of the thirty (30) day period described in this paragraph.  Any portions of a transcript designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" shall thereafter be treated as such in accordance with this Order.  Where a

document designated as containing Confidential Information is introduced as an exhibit at a deposition, the following parts of the deposition transcript or videotape shall be considered confidential and subject to the provisions of this Order:  all pages where (a) the document is shown to the deponent, or (b) questions based on the document are put to, or answers based on the document are given by, the deponent, or (c) the document is otherwise discussed on the transcript record.

8.      Each person given access to designated Confidential Information under the terms of this Order shall be advised that the information is being disclosed pursuant and subject to the terms of this Order, and may not be disclosed other than as authorized by this Order.  Prior to disclosure of any Confidential Information to the persons identified in paragraphs 3(d), 3(f), including those individuals in 3(f) who are no longer employed with the party supplying the Confidential Information, and 3(g), each such person, including a deponent during a deposition, shall first:  (a) read this Order; and (b) sign a copy of the Non-Disclosure Certificate, attached as Exhibit A.  The executed Non-Disclosure Certificate shall be retained by the attorneys of record for each party employing them until further order of the Court.

9.      If the need arises during trial or at any hearing before the Court for any party to disclose Confidential Information, it may do so only after giving notice to the producing party and as directed by the Court.

10.     Nothing in this Order shall be construed to preclude a party from objecting to one, more or all of the documents that a designating party marks as Confidential Information.  If an objection is made to a party's designation of material as Confidential Information, counsel for the objecting party shall set forth the objection in writing to counsel for the designating party and, thereafter, counsel for the objecting and designating parties shall confer as soon as practicable in a good faith effort to resolve the dispute.  In the absence of resolution, the designating party may, as soon as practicable after the conference, file a motion for protective order to obtain the necessary relief.  Pending resolution of the motion, the material in controversy shall be treated as if it bears the confidential classification sought by the designating

party, except as required by the Court or agreed upon in writing by the parties.  This paragraph in no way changes the burden of proof on the parties under existing case law with respect to establishing the confidentiality of documents.  In the event that no objection has been made, a party seeking to file a pleading, motion or memorandum which contains or is accompanied by a document which bears a confidential classification as an exhibit, appendix or otherwise, shall take the appropriate steps to have that document filed under seal.

11.     The production or disclosure during discovery of an attorney-client privileged, work product, "CONFIDENTIAL," "CONFIDENTIAL-ATTORNEY'S EYES ONLY," or other protected document or information medium ("Protected Material") shall not be deemed a waiver of privilege, work product, confidentiality or other protection or immunity from discovery by the supplying party.  Upon notice by the supplying party that Protected Material was produced or disclosed, all recipients of the Protected Material shall not use it (or information in it) in any litigation, not permit it to be copied, distributed or otherwise disclosed to any other person until the matter of its production or disclosure is resolved amicably by the parties or by Court order.

12.     Within thirty (30) days after settlement or final adjudication, including appeals, of the action or actions in which the documents have been produced, counsel for each of the parties shall certify that all Confidential Information supplied by the parties and non-parties and all copies thereof shall have been destroyed by the party receiving such Confidential Information; provided, however, that:

(a)     Each party may retain a complete file of all court papers served or filed with the Court in this action;

(b)     The attorneys for the party receiving the Confidential Information may retain materials which, in their judgment, constitute or are part of their work product; and

(c)     All Confidential Information not returned or destroyed pursuant to this paragraph shall remain in all respects subject to the terms and provisions of this Order.

13.     This Order shall not be construed as a waiver by any party of:  (a) any objection to discovery on grounds other than the confidentiality of discovery sought; or (b) any privilege recognized by law.

14.     Nothing in this Order shall prohibit disclosure of Confidential Information produced or obtained from any party in this action in response to compulsory process or the process of any government regulatory agency.  If any party is served with such process, that party shall give the supplying party notice of such process in writing as soon as possible, and shall take all reasonable steps to refrain from responding to such process until after the supplying party so notified has had a reasonable opportunity to take steps to ensure the continued confidentiality of the requested materials.

15.     The terms of this Order shall survive the entry of judgment in this action, and shall continue until released in writing by the supplying party.

16.     Counsel for plaintiff authorize counsel for defendants to file this Stipulated

Confidentiality Order with the Court.

|  |  |
|---|---|
| | MORRISON & FOERSTER LLP |
| FRANCIS & MAILMAN, P.C. | FARUKI IRELAND & COX P.L.L. |
| DONOVAN SEARLES, LLC | HANGLEY ARONCHICK SEGAL & |
| | PUDLIN, P.C. |

By:  /s James A. Francis
       James A. Francis

By:  /s Sharon F. McKee

       Sharon F. McKee

James A. Francis
John Soumilas
Gregory J. Gorski
FRANCIS & MAILMAN, P.C.
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, Pennsylvania  19110
Telephone:  215.735.8600
Facsimile:  215.940.8000

Mark A. Aronchick (*Pro Hac Vice*)
Sharon F. McKee (N.J. Bar No. 004391998)
HANGLEY ARONCHICK SEGAL &
PUDLIN, P.C.
20 Brace Road, Suite 201
Cherry Hill, New Jersey  08034
Telephone:  856.616.2100
Facsimile:  856.616.2170

David A. Searles
DONOVAN SEARLES, LLC
1845 Walnut Street, Suite 1100
Philadelphia, Pennsylvania  19103
Telephone:  215.732.6067
Facsimile:  215.732.8060

Attorneys for Defendants LexisNexis Risk &
Information Analytics Group Inc. and Seisint,
Inc.

Attorneys for Plaintiff Toni F. Adams

Dated:  April 15, 2010

Dated:  April 15, 2010

**IT IS SO ORDERED.**

 Dated:  April _____, 2010

                         Judge Renee M. Bumb

**EXHIBIT A**

**NON-DISCLOSURE CERTIFICATE**

I hereby certify my understanding that "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" discovery material is being provided to me pursuant to the terms and restrictions of the Stipulated Confidentiality Order in the action captioned *Adams v. LexisNexis Risk & Information Analytics Group Inc.*, *et al.*, Case No. 08-04708 (RMB/KMW), now pending in the United States District Court for the District of New Jersey.  I also acknowledge and certify that I have been given a copy of the Stipulated Confidentiality Order, have read its terms and conditions, and understand that I am bound by them.  I understand that those terms include, but are not limited to the following:

1.      I am prohibited from using the "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" discovery material for any purpose except for purposes of this litigation as allowed by the Stipulated Confidentiality Order.

2.      I am prohibited from disclosing "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" discovery material, or the contents thereof, to any person or party, except as provided in the Stipulated Confidentiality Order.

3.      At the conclusion of the litigation, or my involvement in it, I will be required to return such "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" discovery material, and all copies, to the person from whom I received them, including any notes, memoranda, computer files ("software"), software documentation and other form of information which includes, incorporates, or otherwise discloses the contents of the "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" discovery material.

4.      I shall continue to be bound by the terms of the Stipulated Confidentiality Order as a condition to being provided access to the "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" discovery material.  Further, by executing this Non-Disclosure Certificate, I hereby consent to the jurisdiction of the above-captioned Court for the special and limited purpose of enforcing the terms and conditions of the Stipulated Confidentiality Order.

sf-2795258

5.      I recognize that, pursuant to the provisions of the Stipulated Confidentiality

Order, any person disclosing or producing "CONFIDENTIAL" or "CONFIDENTIAL-

ATTORNEY'S EYES ONLY" discovery material may, in the event of an actual or anticipated

breach of this Written Acknowledgement, bring an action to specifically enforce the terms of the

Stipulated Confidentiality Order and this Non-Disclosure Certificate and to prevent the

unauthorized disclosure or use of "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S

EYES ONLY" discovery material.  Violators of the Stipulated Confidentiality Order or this Non-

Disclosure Certificate may therefore be subject to monetary penalties, injunctive orders, or other

appropriate orders and judgments.


Dated: _____

_____
Printed Name


_____
Signature


_____
City and State where sworn and signed

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 15th day of April 2010, I caused the parties'
Stipulated Confidentiality Order to be filed and served on the following counsel of record by
CM/ECF filing or email:

> James A. Francis, Esquire
> John Soumilas, Esquire
> Gregory J. Gorski, Esquire
> **FRANCIS & MAILMAN, P.C.**
> Land Title Building, 19th Floor
> 100 South Broad Street
> Philadelphia, Pennsylvania 19103
>
> David A. Searles, Esquire
> **DONOVAN SEARLES, LLC**
> 1845 Walnut Street**,** Suite 1100
> Philadelphia, PA 19103
>
> *Attorneys for Plaintiff Toni F. Adams*

/s Sharon F. McKee
Sharon F. McKee