NOT FOR PUBLICATION                           [Dkt. Items 53]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| TONI F. ADAMS, | |
| Plaintiff, | Civil No. 08-4708 |
| v. | (RMB/KW) |
| LEXISNEXIS RISK & INFORMATION ANALYTICS GROUP, INC., et al., | **OPINION** |
| Defendants. | |

Appearances:

      Gregory Joseph Gorski
      James A. Francis
      John Soumilas
      Francis & Mailman, P.C.
      Land Title Building
      19th Floor
      100 South Broad Street
      Philadelphia, PA 19110
          Attorneys for Plaintiff

      Neal D. Walters
      Mariah E. Murphy
      Ballard, Spahr, Andrews & Ingersoll, LLP
      Plaza 1000 Suite 500
      Main Street
      Voorhees, NJ 08043-4636

      Sharon F. McKee
      Hangley Aronchick Segal & Pudlin, P.C.
      20 Brace Road
      Suite 201
      Cherry Hill, NJ 08034
          Attorneys for Defendants

**BUMB**, United States District Judge:

## I.   Introduction

This matter comes before the Court on Defendants' LexisNexis Risk and Information Analytics Group, Inc. and Seisint, Inc.'s (collectively "Defendants") Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c).  Defendants seek judgment as a matter of law, dismissing Plaintiff Toni F. Adams's putative class action alleging violations of the Fair Credit Reporting Act ("FCRA" or "the Act"), 15 U.S.C. § 1681, <u>et seq</u>.[1]  For the following reasons, Defendants' motion will be granted in part, and denied in part.

## II.  Background

Plaintiff Toni Adams alleges that Defendants "sell nationally . . . a product called an Accurint report to debt collectors, credit insurers and entities involved in the debt collection industry generally, to assist with the collection of delinquent accounts, and the location of debts and debtors' assets."  Amended Compl. ¶ 8.  Plaintiff argues that both LexisNexis Risk and Information Analytics Group, Inc. ("Lexis") and Seisint, Inc. ("Seisint") are "consumer reporting agencies," <u>see</u> 15 U.S.C. § 1681a(f), that the Accurint report is a "consumer

---

[1]    The parties agreed to dismiss Plaintiff's claims against Reed Elsevier, Inc. without prejudice.  <u>See</u> Docket No. 51.

report" governed by the FCRA, see 15 U.S.C. § 1681a(d), and that

Defendants violated restrictions imposed by the FCRA.

**A.   The Accurint Report**

Plaintiff alleges that the Accurint report "provides

substantial and detailed personal and credit information about an

individual consumer."  Amended Compl. ¶ 1.  According to

Plaintiff, the report

> contains vast amounts of information about an individual
> American consumer that Defendants have assembled and
> compiled, including information about where the consumer
> resides, the consumer's age, social security number, date of
> birth, economic profile data regarding the consumer's home
> and neighboring properties, whether the consumer has filed
> for bankruptcy, has any liens or judgments, public records,
> UCC filings, professional licenses, accident history,
> recreational permits, and general information about the
> consumer's assets and property.

Id. at ¶ 9.

Plaintiff posits that "[b]y regularly selling [Accurint]

reports for a fee with the anticipated or expected use of such

reports by" debt collectors, "Defendants operate as 'consumer

reporting agencies' ('CRAs') . . . 'that compile[] and maintain[]

files on consumers on a nationwide basis,' and national specialty

consumer reporting agencies ('NSCRAs') as defined by 15 U.S.C. §§

1681a(f), a(p) and a(w), respectively."  Id. at ¶ 11.

**B.   Plaintiff's Accurint Report**

Plaintiff claims that "[d]ue to Defendants' sale of a

grossly inaccurate Accurint report to a third party debt

collector, [Plaintiff] . . . ended up being sued unlawfully for

debts she did not owe." <u>Id.</u> at ¶ 19.  In an effort to obtain a copy of the report, "Plaintiff went online . . . [and] was directed to a webpage maintained by Defendant Lexis." <u>Id.</u> at ¶ 20.  She was instructed "to either use an electronic Web form and make a payment of $8.00 via credit card or write to 'LexisNexis Consumer Access Program' at a Boca Raton, Florida address and include a check or money order in the amount of $8.00 and send a copy of her driver's license and a utility bill." <u>Id.</u>

Plaintiff ordered the Accurint report and received a letter dated March 13, 2008 from the LexisNexis Consumer Inquiry Department together with a document called a "Comprehensive Report." <u>Id.</u> at ¶ 23; <u>see also</u> Def. Br. Ex. A.  The letter stated as follows:

> We are sending this letter in response to the request you made through the LexisNexis Consumer Access Program for your Accurint Person Report.  This Person Report is a compilation of public record data and non-public information using innovative technology to link records about an individual together.  We have included a copy of your Person Report, as it exists in the Accurint services.
>
> This report may not contain every piece of personally identifiable information we have in our databases relating to you.  Please review each section carefully and contact LexisNexis if you have any questions concerning this information.
>
> Kindly be advised that Accurint is NOT a Consumer Reporting Agency, and as such, Accurint is not governed by the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.).  Accurint data is not used to grant or deny credit, make employment decisions, or make tenant and housing screening decisions, or any other uses regulated by the Fair Credit Reporting Act.  Accurint purchases and resells data collected by outside companies, which cover public records and

4

commercially available data sources, in full compliance with all applicable federal and state privacy laws.  We do not examine or verify our data, nor is it possible for our computers to correct or change data that is incorrect – Accurint can only provide the data that was provided to us.

Although Accurint is not a Consumer Reporting Agency, please be reassured that both Accurint, and your personal information contained in Accurint databases, are regulated by the federal government and are subject to the Gramm-Leach-Bliley Act (15 U.S.C. § 6801 et seq.) and the Federal Drivers Privacy Protection Act (18 U.S.C. § 2721 et seq.). These laws regulate who may access private, non-public data, and the purposes for which it may be accessed.  Accurint fully complies with these and all other applicable federal and state laws.

Def. Br. Ex. A.[2]

The Comprehensive Report accompanying this letter stated

that "the public records and commercially available data sources

---

[2]      "When considering a motion for judgment on the pleadings (or a motion to dismiss under Fed.R.Civ.P. 12(b)(6)), the court generally must ignore materials outside the pleadings, but it may consider 'some materials that are part of the public record or do not contradict the complaint,' <u>Missouri ex rel. Nixon v. Coeur D'Alene Tribe</u>, 164 F.3d 1102, 1107 (8th Cir.), <u>cert. denied</u>, 527 U.S. 1039 (1999), as well as materials that are 'necessarily embraced by the pleadings.'" <u>Porous Media Corp. v. Pall Corp.</u>, 186 F.3d 1077, 1079 (8th Cir. 1999) (quoting <u>Piper Jaffray Cos. v. Nat'l Union Fire Ins. Co.</u>, 967 F.Supp. 1148, 1152 (D. Minn. 1997)).  <u>See</u> <u>also</u> <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1426 (3d Cir. 1997)("As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings . . .  However, an exception to the general rule is that a 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'")(quoting <u>Shaw v. Digital Equipment Corp.</u>, 82 F.3d 1194, 1220 (1st Cir. 1996))).  Here, there can be no dispute that the March 13, 2008 letter, which is specifically cited in Plaintiff's Complaint, is "embraced by the pleadings."

used on [Defendants' Accurint] reports have errors."[3]  Amended Compl. ¶ 25.  Plaintiff alleges that much of the information contained in the report "was grossly incorrect."  Id. at 26.  According to Plaintiff, the report contained "inaccurate information about credit card debts, liens and judgments that did not pertain to [Plaintiff], as well as names and addresses that [Plaintiff] had never used."  Id.

## C.  Plaintiff's FCRA Claims

Although pled in one count, Plaintiff argues that Defendants violated several sections of the FCRA.  Plaintiff alleges that Defendants

> are liable for willfully and negligently violating the FCRA by engaging in the following conduct:
>
> (a)  failing to provide consumers with a mechanism and/or process for disputing inaccuracies in their Accurint reports and refusing to accept such disputes in violation of 15 U.S.C. § 1681i;
>
> (b)  failing to follow reasonable procedures to assure maximum possible accuracy of the Accurint reports it sold in violation of 15 U.S.C. § 1681e(b);
>
> (c)  failing to make all disclosures and perform all responsibilities imposed on consumer reporting agencies in violation of 15 U.S.C. §§ 1681b through 1681x of the FCRA;
>
> (d)  failing to comply with all requirements imposed on procurers for resale or resellers of information in violation of 15 U.S.C. § 1681e(e); and

---

[3]    The Court notes that neither party has appended a copy of Plaintiff's Accurint report to their submissions.

(e) charging Plaintiff and the Class for copies of their Accurint reports, in violation of 15 U.S.C. § 1681j(a)(1)(C).

Id. at 39.

### III. Standard

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Where, as here, a party asserts the defense of failure to state a claim upon which relief can be granted in the context of a Rule 12(c) motion, Courts apply the same standard as used for a Rule 12(b)(6) motion. Turbe v. Gov't of the Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991). See also Fed.R.Civ.P. 12(h)(2) ("Failure to state a claim upon which relief can be granted . . . may be raised . . . by a motion under Rule 12(c).").

A Rule 12(b)(6) motion to dismiss must be denied if the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true, (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Moreover,

[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

Id. (internal citations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556).

On a Rule 12(c) motion, just as on a Rule 12(b)(6) motion, the Court "must accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the plaintiff."  Turbe, 938 F.2d at 428.  "Judgment will only be granted where the moving party clearly establishes there are no material issues of fact, and that he or she is entitled to judgment as a matter of law."  DiCarlo v. St. Mary Hosp., 530 F.3d 255, 259 (3d Cir. 2008) (citing Oxford Assocs. v. Waste Sys. Auth., 271 F.3d 140, 144-45 (3d Cir. 2001)).

## IV.  Analysis

Defendants raise several arguments in support of their motion for judgment on the pleadings:  (1) Plaintiff fails to allege sufficient facts to support her contention that the Accurint report qualifies as a "consumer report" under the FCRA; (2) Plaintiff fails to allege acts undertaken by each Defendant, thereby depriving Defendants of fair notice of Plaintiff's claims; (3) Plaintiff fails to allege sufficient facts to support the claim that Defendants willfully violated the FCRA; (4)

8

"Plaintiff fails to identify all of the obligations under the FCRA that Plaintiff contends each Defendant violated"; and (5) Plaintiff fails to allege sufficient facts to support her characterization of Defendants as "resellers" of consumer reports under the FCRA.  See Def. Br. at 3-4.

### A.    The FCRA

"Congress enacted the FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy."  Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 191 (3d Cir. 2009) (quoting Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 52 (2007)).  Specifically, Congress found that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy."  15 U.S.C. § 1681(a)(4).

To state her claim that Defendants violated the FCRA, Plaintiff must plead sufficient facts to show that Defendants either willfully or negligently failed to comply with a requirement imposed on credit reporting agencies.  See 15 U.S.C. § 1681n and § 1681o.  To do this, Plaintiff must first establish that Defendants are governed by the Act, i.e., that Defendants

qualify as "consumer reporting agencies" and that the Accurint report qualifies as a "consumer report" under the Act.[4]

As a preliminary matter, Defendants argue that Plaintiff's Complaint "does not adequately allege any basis on which either Defendant could be held liable for acts undertaken by the other Defendant." Def. Br. at 31. Plaintiff avers that "Lexis acquired Defendant Seisint Inc. in or around September of 2004, and controls and operates that company." Amended Compl. ¶ 5. Plaintiff further alleges that "Defendant Seisint sold the Accurint report at issue in this case exclusively until it was acquired by Lexis in 2004. Now all Defendants act in concert with one another regarding the sale of Accurint reports." Id. at ¶ 7. Finally, Plaintiff claims that when she attempted to order a copy of her Accurint report, "[s]he was directed to a webpage maintained by Defendant Lexis," id. at 20, and that she eventually received a letter accompanying the report that was signed by the "LexisNexis Consumer Inquiry Department." Id. at 23.

---

[4]     Plaintiff alleges that Defendants qualify as consumer reporting agencies pursuant to:  Sections 1681a(f), which defines "consumer reporting agency"; 1681a(p), which defines "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis"; and 1681a(w), which defines "nationwide specialty consumer reporting agency." Amended Compl. ¶ 11. All of these definitions, however, require Plaintiff to establish first that Defendants qualify as a consumer reporting agency pursuant to Section 1681a(f). Therefore, the Court's analysis will proceed under this Section of the Act.

To the extent that Plaintiff's FCRA claims arise from her 2008 transaction with Defendant Lexis, Plaintiff properly states a claim against Lexis.  It is unclear from the Complaint, however, whether Plaintiff is alleging that her FCRA claims arising from the "sale of a grossly inaccurate Accurint report to a third party debt collector" occurred prior to Lexis's 2004 acquisition of Seisint.  Thus, Plaintiff will be permitted thirty days to amend her Complaint to plead facts supporting her theory of liability against Seisint.  For the remainder of this Opinion, then, the Court will refer only to Defendant Lexis.

### 1.  Consumer Reporting Agency Defined

Pursuant to Section 1681a(f) of the FCRA, a consumer reporting agency

> means any person which, for monetary fees, dues, or on a
> cooperative nonprofit basis, regularly engages in whole or
> in part in the practice of assembling or evaluating consumer
> credit information or other information on consumers for the
> purpose of furnishing consumer reports to third parties, and
> which uses any means or facility of interstate commerce for
> the purpose of preparing or furnishing consumer reports.

"Person" is broadly defined under the Act as "any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity."  15 U.S.C. § 1681a(b).  "Consumer" is defined simply as "an individual."  Id. at § 1681a(c).

There is no question that Lexis is a "person" or that Plaintiff is as an "individual" under the Act.  To establish that

Lexis qualifies as a consumer reporting agency, however, Plaintiff must show that Lexis (1) acted in exchange for the compensation described in the statute; (2) regularly engaged in the practice of assembling or evaluating an individual's credit or similar information on consumers; (3) for the purpose of furnishing a consumer report to third parties; (4) and used interstate commerce to prepare or furnish the consumer report. Id. at § 1681a(f).

Plaintiff alleges that Lexis sold "nationally . . . a product called an Accurint report to debt collectors, credit insurers and entities involved in the debt collection industry generally, to assist with the collection of delinquent credit accounts, and the location of debtors and debtors' assets." Amended Compl. ¶ 8. According to Plaintiff,

> [a]n Accurint report contains vast amounts of information about an individual American consumer that Defendants have assembled and compiled, including information about where the consumer resides, the consumer's age, social security number, date of birth, economic profile data regarding the consumer's home and neighboring properties, whether the consumer has filed for bankruptcy, has any liens or judgments, public records, UCC filings, professional licenses, accident history, recreational permits, and general information about the consumer's assets and property.

Id. at ¶ 9.  Plaintiff further alleges that she purchased the Accurint report from Lexis for $8.00 using her credit card and received the report via mail.[5]  Id. at ¶¶ 20-23.

Taking Plaintiff's allegations as true, as the Court must at this stage, Plaintiff has pled sufficient facts to establish that Lexis acted in exchange for monetary fees and, at a minimum, regularly engaged in the practice of assembling information about an individual.  Plaintiff has also pled sufficient facts to establish that the Accurint report was furnished through interstate commerce.

The critical question, however, is whether or not Lexis gathered "credit information or other information on consumers for the purpose of furnishing consumer reports to third parties." 15 U.S.C. at § 1681a(f) (emphasis added).  To establish that Lexis qualifies as a consumer reporting agency, Plaintiff must necessarily establish that the Accurint report qualifies as a consumer report.

### 2.  Consumer Report Defined

Under the FCRA, a "consumer report," in general,

means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal

---

[5]     The precise language used by Plaintiff is that Lexis "sent [Plaintiff] correspondence in the form of a letter." Amended Compl. ¶ 23.  The Court infers that Plaintiff received the Accurint report via regular mail.

characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for--

> (A) credit or insurance to be used primarily for personal, family, or household purposes;
>
> (B) employment purposes; or
>
> (C) <u>any other purpose authorized under section 1681b of this title</u>.

15 U.S.C. § 1681a(d)(1) (emphasis added).

Section 1681a(d)(1)(C) is the relevant provision here.  By its plain terms, Section 1681a(d)(1)(C) directs the application of Section 1681b.  "[S]ection 1681b has two functions:  it <u>adds</u> to section 1681a(d)'s definition of a consumer report, as well as <u>delineates</u> the permissible uses for those 'communications of information' already falling within the definition of a consumer report."  <u>Yang v. Gov't Employees Ins. Co.</u>, 146 F.3d 1320, 1324 (11th Cir. 1998) (emphasis added).

### a.   Consumer Information

First, to qualify as a consumer report, the Accurint report must "bear[] on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living."  15. U.S.C. § 1681a(d)(1). Courts recognize that "the first element of the FCRA's definition of consumer report . . . 'does not seem very demanding,' for almost any information about consumers arguably bears on their personal characteristics or mode of living."  <u>Trans Union Corp.</u>

v. Federal Trade Comm'n, 245 F.3d 809, 813 (D.C. Cir. 2001)

("Trans Union II") (quoting Trans Union Corp. v. Federal Trade

Comm'n, 81 F.3d 228, 231 (D.C. Cir. 1996) ("Trans Union I")),

cert. denied, 536 U.S. 915 (2002); see also Phillips v. Grendahl,

312 F.3d 357, 365-66 (8th Cir. 2002), abrogated on other grounds

by Safeco Ins. Co. of Am., 551 U.S. 47.

    Here, Plaintiff alleges that the

> Accurint report contains vast amounts of information about
> an individual American consumer that [Lexis] ha[s] assembled
> and compiled, including information about where the consumer
> resides, the consumer's age, social security number, date of
> birth, economic profile data regarding the consumer's home
> and neighboring properties, whether the consumer has filed
> for bankruptcy, has any liens or judgments, public records,
> UCC filings, professional licenses, accident history,
> recreational permits, and general information about the
> consumer's assets and property.

Amended Compl. ¶ 9.  At this stage, Plaintiff's allegations are

sufficient to raise a factual question regarding whether the

consumer information contained in the report meets the

characteristics listed in Section 1681a(d)(1).

### b.   Use of the Consumer Information

    "A report will not be covered by the Act solely because it

contains the type of information generally found in consumer

reports."  Arcidiacono v. Am. Express Co., No. Civ. A. 92-3428,

1993 WL 94327, at *3 (D.N.J. Mar. 29, 1993).  The second step of

the definition requires that the consumer information be

used or expected to be used for the purpose of serving as a

factor in establishing the consumer's eligibility for credit,

insurance, employment purposes or any of the permissible purposes listed in Section 1681b.  See 15 U.S.C. § 1681a(d)(1).

Courts consider both the "purpose" for which the information contained in the report was "used or expected to be used or collected," as well as how a third party actually used the information, when determining whether a document qualifies as a consumer report under the Act.  15 U.S.C. § 1681a(d)(1).[6]  See Phillips, 312 F.3d at 366 (finding a consumer report existed where agency created the report with the expectation that it be used for a purpose permitted under the FCRA).  Accord Bakker v. McKinnon, 152 F.3d 1007, 1012 (8th Cir. 1998), Yang, 146 F.3d at 1324 (directing courts to consider a report's ultimate use, expected use and reason for the collection of information); Comeaux v. Brown & Williamson Tobacco Co., 915 F.2d 1264, 1273-74

---

[6]     The Court also notes that the Federal Trade Commission's ("FTC") official commentary, which does not have the force and effect of law, see 16 C.F.R. § 600.2, implicitly acknowledges that a report, that would not otherwise qualify as a consumer report, could nonetheless be subject to the FCRA if a person subsequently used the report for a "permissible purpose" under the Act and the reporting party had reason to know that the report would be used in this manner.  See 16 C.F.R. Pt. 600, App. § 603(d) cmt. 5(D)("The question arises whether a report that is not otherwise a consumer report is subject to the FCRA because the recipient subsequently uses the report for a permissible purpose.  If the reporting party's procedures are such that it neither knows of nor should reasonably anticipate such use, the report is not a consumer report.  If a reporting party has taken reasonable steps to insure that the report is not used for such a purpose, and if it neither knows of, nor can reasonably anticipate such use, the report should not be deemed a consumer report by virtue of uses beyond the reporting party's control.").

(9th Cir. 1990); St. Paul Guardian Ins. Co. v. Johnson, 884 F.2d 881, 884 (5th Cir. 1989); Ippolito v. WNS, Inc., 864 F.2d 440, 450 (7th Cir. 1988), cert. dismissed, 490 U.S. 1061 (1989); Heath v. Credit Bureau of Sheridan, Inc., 618 F.2d 693, 696 (10th Cir. 1980).  See also Houghton v. N.J. Mfrs. Ins. Co., 795 F.2d 1144, 1148 (3d Cir. 1986)("[n]othing in the [defendant's] request indicated that [defendant] desired a report on [plaintiff] for a purpose encompassed within the statutory definition of an investigative consumer report.").

### (i)  The Interaction of Sections 1681a(d)(1) and 1681b

As set forth above, the FCRA incorporates Section 1681b into Section 1681a(d)(1).  The Third Circuit considered the interaction of these two Sections in Houghton.  795 F.2d 1144. There, the Court reversed the district court's holding that a report generated to evaluate a personal injury claim met the requirements for a "consumer report," finding that the report at issue was neither used nor requested for a purpose encompassed within the statutory definition of an investigative consumer report.[7]  Id. at 1448-49.  Compare Hall v. Harleysville Ins. Co.,

_____

[7]     An investigative consumer report is defined, in relevant part, as

a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with others with whom he is

896 F.Supp. 478, 482 (E.D.Pa. 1995) (distinguishing <u>Houghton</u> by noting that the report requested in <u>Hall</u> contained the plaintiffs' credit histories, making the report a "consumer report" on its face).

The Circuit Court also reversed the district court's alternative holding that the report met the definition of a consumer report via Section 1681b, specifically Section 1681b(3)(E).[8] <u>Id.</u> at 1149.  In 1986, the year <u>Houghton</u> was decided, Section 1681b(3)(E) referred to consumer reports furnished "in connection with a business transaction involving the consumer."  See <u>Cochran v. Metropolitan Life Ins. Co.</u>, 472

_____

> acquainted or who may have knowledge concerning any such items of information

15 U.S.C. § 1681a(e).

[8]    Today, this Section is identified at Section 1681b(a)(3)(F), and now reads:

> (a). . . any consumer reporting agency may furnish a consumer report . . . (3) to a person which it has reason to believe--
>
> > (F) otherwise has a legitimate business need for the information-
> >
> > > (i) in connection with a business transaction that is initiated by the consumer; or
> > >
> > > (ii) to review an account to determine whether the consumer continues to meet the terms of the account.

See H.R. Res. 3610, 104th Cong. (1996) (enacted), Pub.L. 104-208. (1996 Amendments to Subsection (a) of 15 U.S.C. § 1681b).

F.Supp. 827, 830 (N.D.Ga. 1979).  The <u>Houghton</u> Court held that
"any § 1681b(3)(E) business transaction must relate to one of the
other specifically enumerated transactions in §§ 1681a(d) and
b(3), <u>i.e.</u>, credit, insurance eligibility, employment, or
licensing.  This is to say that a consumer relationship must
exist between the party requesting the report and the subject of
the report."  795 F.2d at 1149.

In concluding its opinion, the Third Circuit quoted the
analysis conducted in <u>Cochran</u>, which held that Section 1681a(d)
and Section 1681b should be read:

> recognizing the preeminence of § 1681a and then conforming
> the breadth of § 1681b to the former's bounds.  Not to do
> this would render unnecessarily meaningless the § 1681a
> restrictive language and thereby would ignore a staunch
> canon of statutory interpretation.  Conforming § 1681b to §
> 1681a preserves the integrity of both sections, while
> promoting the underlying purpose of the entire subchapter.[9]

---

[9]     In a concurring opinion, and in the context of
interpreting Section 1681b(3)(E), which is now recognized as
Section 1681b(3)(F), the catch-all "business need" purpose for
consumer reports, Judge Sloviter took issue with the Circuit's
interpretation of the interaction between Sections 1681a and
1681b.  She reasoned:

> There is not a neat fit between [Sections 1681a(d) and
> 1681b].  Section 1681b . . . is directed to the
> circumstances under which a consumer reporting agency may
> furnish a consumer report.  The most plausible construction
> of the language is to read "the other purposes" language of
> § 1681a(d) as incorporating the "purposes" set forth in §
> 1681b(3), so that a consumer report is defined, <u>inter</u> <u>alia</u>,
> as a report to be used for the purposes enumerated in §
> 1681(b)(3).  This subsection permits a consumer reporting
> agency to furnish a consumer report to persons which it has
> reason to believe intend to use the information in
> connection with five designated purposes: (A) a personal

Id. at 1150 (quoting Cochran, 472 F.Supp. at 831).

### (ii) Collection of an Account Is a "Permissible Purpose"

Plaintiff argues that because Lexis used or collected information for a "permissible purpose" under Section 1681b, that is, collection of an account, the Accurint report qualifies as a consumer report. See Pl. Opp. Br. at 16.  Lexis counters that the Accurint report cannot qualify as a consumer report because the report was not prepared "to assist with the collection of delinquent credit accounts."  See Def. Br. at 9.

Courts recognize that "collection is a permissible purpose for obtaining a consumer report under the FCRA."  Robinson v. TSYS Total Debt Mgmt., Inc., 447 F.Supp.2d 502, 512 (D.Md. 2006) (emphasis added).  See also Hasbun v. County of Los Angeles, 323 F.3d 801, 803 (9th Cir. 2003), superceded by statute and declined to be extended by Pintos v. Pacific Creditors Ass'n, 565 F.3d 1106 (9th Cir. 2009) ("Collection of an account is nowhere defined in the statute, and the legislative history is not enlightening.  But the limited case law addressing this issue has uniformly held that creditors have a permissible purpose in

_____

      credit transaction; (B) employment purposes; (C) the underwriting of insurance involving the consumer; (D) licensing or similar benefit; or (E) to a person who "otherwise has a legitimate business need for the information in connection with a business transaction involving the consumer."

Id. at 1151.

receiving a consumer report to assist them in collecting a debt."). The question here, however, is whether a report meets the definition of a consumer report by virtue of the report having been obtained for this purpose.

At its core, this case presents an issue of statutory construction. "In interpreting a statute, the Court looks first to the statute's plain meaning and, if the statutory language is clear and unambiguous, the inquiry comes to an end." <u>Kaufman v. Allstate N.J. Ins. Co.</u>, 561 F.3d 144, 155 (3d Cir. 2009) (quoting <u>Conn. Nat'l Bank v. Germain</u>, 503 U.S. 249, 253-54 (1992)).

In arguing that the Accurint report is not a consumer report as defined by the FCRA, Lexis places its entire emphasis on the meaning of "eligibility" in Section 1681a(d)(1). Specifically, Lexis avers that eligibility, or the adjective from which the word is derived, "eligible," means "entitled." In that sense, Lexis argues that the statutory language makes no sense; that is, Congress must not have meant collection of an account to be covered in Section 1681a(d)(1) (even though Lexis acknowledges that collection is a permissible purpose under Section 1681b). In other words, construing the statute in this way–that a consumer is "entitled to collection of an account"–is illogical.

Lexis construes the term eligibility far too narrowly, however. The term "eligible" is also defined as "qualified to participate," <u>see</u> Merriam-Webster's Online Dictionary (defining

21

"eligible" as "qualified to participate or be chosen" or "worthy of being chosen," available at http://www.merriam-webster.com/dictionary/eligible), as well as "fitted or qualified to be chosen or used" or "worthy to be chosen or selected." <u>See</u> Webster's Third New Int'l Dictionary 736 (1993). These definitions make more sense and afford the statute its plain meaning. Clearly, whether or not a consumer is "qualified to participate" or "worthy to be chosen or selected," <u>i.e.</u>, eligible for collection of an account is a legitimate inquiry. For example, Plaintiff alleges that the Accurint report lists whether or not a consumer has filed for bankruptcy. Such information would be critical in determining whether or not the consumer is "qualified to participate" or "worthy to be selected" for a collection action.

Lexis correctly points out that the law of this Circuit requires the Court to "recogniz[e] the preeminence of § 1681a and then conform[] the breadth of § 1681b to the former's bounds." <u>Houghton</u>, 795 F.2d at 1150 (quoting <u>Cochran</u>, 472 F.Supp. at 831). Applying this reasoning, however, leads the Court to conclude that use of a Accurint report for the purpose of "us[ing] the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and <u>involving the</u> . . . review or <u>collection of an account of[] the consumer</u>," 15 U.S.C. § 1681b(a)(3)(A)(emphasis added), would qualify the

report as a "consumer report" under Section 1681a(d)(1)(C).  See
Phillips, 312 F.3d at 366 ("In addition to the statutory purposes
listed in section 1681a(d), such as extension of credit or offer
of employment, the statute incorporates by reference the
statutory purposes listed in 15 U.S.C. § 1681b.  One purpose in
that list is use "in connection with a credit transaction ...
involving ... collection of an account of, the consumer,"-in
other words, debt collection.").  See also Arcidiacono, 1993 WL
94327, at *2 ("The "other purposes" clause has been construed to
add only the purpose listed in § 1681b(3)(D), which involves
determining a consumer's eligibility for a government license or
benefit. . . .  The remainder of the purposes listed in §
1681b(3)(A)-(C) are the same as those listed in § 1681a(d),
namely consumer credit, employment, and insurance.").

        Therefore, to the extent that Plaintiff can establish
through discovery that the information in the Accurint report
qualified as "consumer information" that was "used or expected to
be used or collected in whole or in part for the purpose of
serving as a factor in establishing a consumer's eligibility for"
collection of a consumer credit account, Plaintiff would succeed
in establishing that Lexis produced consumer reports and that
Lexis qualifies as a consumer reporting agency under the FCRA.
In sum, at this early stage of the litigation, Lexis has not
established that there are no material issues of fact concerning

whether the Accurint report qualifies as a consumer report such that Lexis is entitled to judgment on this issue as a matter of law.[10]

_____

[10]     At this juncture, the Court is unpersuaded by Lexis's "contractual use restriction" argument. See Def. Br. at 20 n.11. Lexis notes that the March 13, 2008 letter accompanying Plaintiff's Accurint report stated that "Accurint data is not permitted to be used to grant or deny credit, make employment decisions, or make tenant and housing screening decisions, or any other uses regulated by the Fair Credit Reporting Act." Id. But Plaintiff may establish through discovery that, despite this restrictive language, the information in the Accurint report was "used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing a consumer's eligibility for" collection of a consumer credit account.

The Court is likewise not persuaded by Lexis's argument that the Federal Trade Commission's ("FTC") failure to allege any violations of the Fair Credit Reporting Act against Reed Elsevier Inc. and Seisint, Inc. as a result of the FTC's investigation regarding Accurint reports is dispositive of the consumer report issue raised here.  Both the FTC Complaint and the parties' Agreement and Consent Order demonstrate that the FTC was investigating data security breaches, which the FTC alleged violated the Federal Trade Commission Act.  See Def. Br. Ex. B and C.  The Court does not find that the FTC's failure to allege violations of the FCRA conclusively demonstrates that the Accurint report could not qualify as a consumer report.

Nor does the Court find that the FTC's response to a public comment regarding the Consent Order to be dispositive of the consumer report issue.  See Def. Br. Ex. F.  In a footnote, Secretary Donald S. Clark distinguishes the matter concerning the Consent Order from a previous case where the FTC alleged violations of the FCRA.  Id.  Specifically, Secretary Clark notes that "the current matters do not involve credit reports."  Id. The Court does not understand this footnote to be commentary or an interpretative reading of the FCRA, which might otherwise be given considerable weight by this Court.  See Christensen v. Harris County, 529 U.S. 576, 587 (2000) ("Interpretations such as those in opinion letters-like interpretations contained in policy statements, agency manuals, and enforcement guidelines, all of which lack the force of law-do not warrant Chevron-style deference.").  See also Chevron, U.S.A., Inc. v. Natural Resources Defense Counsel, Inc., 467 U.S. 837 (1984).

Moreover, as previously noted, the FTC's official commentary

**B.   Plaintiff's Willful Violation Claim**

Plaintiff alleges that Lexis is liable pursuant to Section 1681n.  Amended Compl. ¶ 39.  Section 1681n(a) of the FCRA provides for civil liability against "[a]ny person who willfully fails to comply with any requirement imposed under" the FCRA. Section 1681n(b) provides civil liability "for knowing noncompliance" of the Act.  Lexis next argues that Plaintiff cannot establish that Lexis committed any <u>willful</u> violation of the FCRA.

In <u>Safeco Insurance Company of America</u>, the Supreme Court held that "[t]he standard civil usage . . . counsels reading the phrase 'willfully fails to comply' in § 1681n(a) as reaching reckless FCRA violations . . . ."  551 U.S. at 57.  The Court, however, went on to find that Safeco's reading of the FCRA "was not objectively unreasonable, and so falls well short of raising the 'unjustifiably high risk' of violating the statute necessary for reckless liability."  <u>Id.</u> at 70 (quoting <u>Farmer v. Brennan</u>, 511 U.S. 825, 836 (1994)).  The Court noted, for example, that "[t]his is not a case in which the business subject to the Act

_____

implicitly acknowledges that a report, that would not otherwise qualify as a consumer report, could nonetheless be subject to the FCRA if a person subsequently used the report for a "permissible purpose" under the Act and the reporting party had reason to know that the report would be used in this manner.  <u>See</u> 16 C.F.R. Pt. 600, App. § 603(d) cmt. 5(D).

had the benefit of guidance from courts of appeals or the [FTC] that might have warned it away from the view it took." Id.

The Supreme Court adopted what had been the law of this Circuit for some time. See Cushman v. Trans Union Corp., 115 F.3d 220, 227 (3d Cir. 1997). In Cushman, the Circuit Court held that

> [i]f Cushman can prove, as she argues, that [Trans Union Corp.] adopted its reinvestigation policy either knowing that policy to be in contravention of the rights possessed by consumers pursuant to the FCRA or in reckless disregard of whether the policy contravened those rights, she may be awarded punitive damages [pursuant to 15 U.S.C. 1681n]."

Id.

The same holds true in this case. Lexis argues that they did not view Accurint reports as qualifying as "consumer reports" under the FCRA. If Plaintiff can prove, however, that Lexis either knowingly or recklessly adopted policies that contravened the FCRA, assuming that she satisfies her burden of showing that the FCRA applies to Lexis, she could succeed in establishing a violation of the Act pursuant to Section 1681n. See Whitfield v. Radian Guaranty, Inc., 501 F.3d 262, 270 (3d Cir. 2007) (remanding to District Court to consider whether evidence in the record supported plaintiff's claim of willful violation), cert. granted and judgment vacated with direction to dismiss as moot by 128 S.Ct. 2901 (2008). Indeed, Plaintiff's burden is high, as she must establish that Lexis's reading of the statute was objectively unreasonable. But it is premature at this stage to

26

say that Plaintiff can produce <u>no</u> evidence to support such a finding.

**C.   15 U.S.C. §§ 1681b through 1681x**

In Paragraph 39(c) of her Amended Complaint, Plaintiff states that "[Lexis] [is] liable for willfully and negligently violating the FCRA by . . . failing to make all disclosures and perform all responsibilities imposed on consumer reporting agencies in violation of 15 U.S.C. §§ 1681b through 1681x of the FCRA." Lexis argues that this paragraph fails to allege any facts to support Plaintiff's claim that twenty-eight sections of the statute were violated. The Court agrees.

"As the Court held in <u>Twombly</u>, . . . ,the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009) (citing <u>Twombly</u>, 550 U.S. at 555)(citation omitted). Accordingly, Plaintiff will be permitted thirty days to amend her Complaint to allege adequate, factual support for the claims she intends to bring pursuant to Sections 1681b through 1681x.

**D.   15 U.S.C. § 1681e(e)**

Plaintiff alleges that "[s]ome of the data that [Lexis] sell[s] through Accurint reports derives from data that [Lexis] ha[s] purchased from other consumer reporting agencies and which

it resells through an Accurint report." Amended Compl. ¶ 10.
Plaintiff further alleges that Lexis failed "to comply with all
requirements imposed on procurers for resale or resellers of
information in violation of 15 U.S.C. § 1681e(e)." Id. at ¶
39(d). Section 1681e(e) lists several responsibilities imposed
on persons seeking to resell information obtained from a consumer
report. Lexis argues that Plaintiff does not allege sufficient
facts to support her "resale" claims. Again, the Court agrees.
Plaintiff must amend her Complaint to allege, adequate factual
support for such resale claims within thirty days.

Lexis also notes in its brief that information obtained from
consumer reporting agencies constituting "credit header"
information is not regulated by the FCRA. See, e.g., Individual
Reference Servs. Group, Inc. v. Federal Trade Comm'n, 145 F.Supp.
2d 6, 17 (D.D.C. 2001), aff'd sub nom., Trans Union LLC v. FTC,
295 F.3d 42 (D.C. Cir. 2002) ("In 2000, the FTC stated that the
'credit header' data at issue in this litigation-the name,
address, social security number, and phone number of the
consumer-was not subject to the FCRA because it 'does not bear on
creditworthiness, credit capacity, credit standing, character,
general reputation, personal characteristics, or mode of living,
unless such terms are given an impermissibly broad meaning.'").
Lexis does not, however, concede that the only information
obtained, if Lexis did in fact receive any information from

28

consumer reporting agencies, would constitute credit header information.  Therefore, the Court is not prepared at this time to grant Lexis judgment as a matter of law on this issue.

**V.   Conclusion**

For the aforementioned reasons, Defendants' Motion for Judgment on the Pleadings is granted in part, and denied in part. Plaintiff will be permitted thirty days from the date of this Opinion to amend her Complaint to allege specific, factual allegations in support of her claims brought against Defendant Seisint, Inc. and those claims brought pursuant to 15 U.S.C. §§ 1681b through 1681x and § 1681e(e).  An appropriate Order will issue this date.


Dated: <u>May 12, 2010</u>              <u>s/Renée Marie Bumb</u>
                               RENÉE MARIE BUMB
                               UNITED STATES DISTRICT JUDGE